UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BERGI ANDONIAN,

                Plaintiff,

-against-

JAN SOLEIMANI, et al.,

                Defendants.

23-CV-6817 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

    Before the Court is Petitioner's motion to remand the matter to the Supreme Court of the State of New York, County of New York. For the reasons stated herein, the motion is GRANTED and the case is REMANDED.

## BACKGROUND

    On June 13, 2023, Petitioner Bergi Andonian ("Petitioner" or "Andonian") filed a petition for corporate dissolution of Renaissance Carpet & Tapestries Inc. ("RCT") pursuant to Business Corporation Law ("BCL") Section 1104-a and common law, in New York County Supreme Court. ECF No. 1-3 ("Pet."). Petitioner also seeks a surcharge, an appointment of a receiver and an accounting, and brings claims for breach of fiduciary duty, conversion and unjust enrichment. *Id.* As of the date of the filing of the Petition, Petitioner held 45% of all outstanding shares of RCT, with the other 55% owned by Jan and Jeffrey Soleimani (together, "Respondents" or "Soleimanis"). *Id.* ¶¶ 1–3, 10.

    Over four years ago, on October 30, 2019, Petitioner served a demand for arbitration against the Respondents relating to the "distribution and divisions of assets as the parties mutually wind down RCT and their business relationship." *Id.* ¶ 25. The arbitrator ("Arbitrator")

issued an award on January 7, 2021 and a modified award on February 26, 2021. *Id.* ¶¶ 28–29; *see also* ECF No. 1-1 ("Award").

The Arbitrator denied Petitioner's claims against Respondents. Award at 36. As part of the final award, the Arbitrator determined that Jeffrey Soleimani was to recover an amount certain against RCT and RCT was to recover an amount certain against Andonian. *Id*. at 36–37. Specifically, Jeffrey Soleimani was to recover for his unpaid salary. *Id*. at 36. RCT was to recover for Andonian's diversion of the tapestry described in Section V(B)(1)(iv) of the Award; Andonian's payment to himself of unauthorized overtime; four shipments from China that Andonian diverted; the proceeds of the sale of China Renaissance Fine Arts Co., Ltd.; and legal expenses that Andonian charged to RCT. *Id*. at 37.

The Award further provided for the manner in which the remaining property of RCT in the United States and the remaining property in China that formerly belonged to RCT should be liquidated. *Id*. The parties were directed to arrange an auction in China for any remaining property located there, unless the parties agreed otherwise, and the proceeds were to be paid to RCT for division among the shareholders. *Id*. The Arbitrator determined that the property in the United States would be handled as follows:

> Andonian shall have 30 days from the date of this award to accept or reject Respondents' offer of $500,00 for the rights and property described in section V.E.2(a) of this Award. If Andonian accepts the offer, he shall use his best efforts to turn over the listed property to the Respondents as soon as practicable thereafter upon payment by the Soleimanis, with the exception of the classical paintings identified in paragraph 2(xv). The amount paid shall be divided in accordance with the Shareholders' Agreement, 45% to Andonian, 45% to Jan and 10% to Jeffrey. If the Soleimanis make payment by subtracting the purchase price from the total that RCT would otherwise pay to them, the parties' entitlements shall be appropriately adjusted. If Andonian does not accept the offer, the property and rights shall be auctioned at the time and manner set forth in section V.E.2(b) of this Award, unless the parties agree otherwise.

*Id*. at 37–38. It was directed that the remaining miscellaneous property would also be auctioned. *Id*. at 38. The Arbitrator further provided that "[p]ending the dissolution or winding up of RCT, Andonian is prohibited from using RCT's assets or property and from using the word Renaissance in any trade name or company name related to the sale or manufacture of carpets." *Id*. Finally, the Award stated that "[p]rovided that Andonian is not in default of any of his obligations hereunder, RCT shall pay the balance of its funds . . . to its shareholders in the percentages to which they are entitled." *Id*. at 39.

On January 22, 2021, Respondents commenced an action in state court seeking, among other things, confirmation of the Award. *Soleimani v. Andonian*, Sup Ct, NY County, Jan. 22, 2021, Index No. 650494/2021. Petitioner removed the action to the Southern District of New York. *Soleimani v. Andonian*, No. 21-CV-1018 (GHW) (S.D.N.Y. Feb. 4, 2021), ECF No. 1. The Hon. Gregory H. Woods confirmed the Award, except with respect to Section VIII.H.1, which the Court modified. *Soleimani v. Andonian*, No. 21-CV-1018 (GHW), 2022 WL 748246 (S.D.N.Y. Mar. 10, 2022); *Soleimani v. Andonian*, No. 21-CV-1018 (GHW) (S.D.N.Y. July 20, 2022), ECF No. 53.

In the current action, Petitioner alleges that he attempted to arrange the auction in China, as directed by the Award, but that Jan Soleimani refused to sign the necessary authorization. Pet. ¶¶ 32–34. Petitioner further alleges that he accepted Respondents' offer to purchase certain property of RCT for $500,000, but Respondents also refused to complete that purchase. *Id*. ¶¶ 38–40.

Petitioner now seeks dissolution of RCT pursuant to BCL §§ 1104-a(a)(1) and (2) as well as under common law, alleging that Respondents "are guilty of illegal, fraudulent, and/or oppressive actions toward Andonian" and that Respondents have "loot[ed], wast[ed], and/or

3

divert[ed] certain property and assets of RCT for non-corporate purposes (i.e. their own personal benefit), all to Andonian's financial detriment." *Id*. ¶¶ 79–92. Petitioner also brings causes of action for a surcharge pursuant to BCL § 1104-a(d), appointment of a receiver pursuant to BCL § 1113, breach of fiduciary duty, conversion, unjust enrichment and an accounting. *Id*. ¶¶ 93–138.

On August 3, 2023, Respondents removed the action to the Southern District of New York pursuant to 9 U.S.C. § 205 and 28 U.S.C. § 1441, asserting that original jurisdiction exists under 28 U.S.C. § 1331 and 9 U.S.C. § 203. ECF No. 1 ("Notice of Removal"). On August 16, 2023, Petitioner filed the instant motion to remand, citing lack of subject matter jurisdiction. ECF No. 9.

## DISCUSSION

The Court must first determine whether there is subject matter jurisdiction, and if so, whether removal is proper. The Court additionally considers Petitioner's argument that this Court should abstain from exercising jurisdiction, finding that it should.

### I. The Court Lacks Subject Matter Jurisdiction

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of civil actions arising under the Constitution, laws, or treaties of the United States." The second jurisdictional provision that Respondents rely on, 9 U.S.C. § 203, is part of Chapter 2 of the Federal Arbitration Act, which also incorporated the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") into United States law. *See* 9 U.S.C. §§ 201, 203.

Respondents argue that this Court has subject matter jurisdiction because the Award is governed by the Convention and the Petition seeks to modify or vacate the Award. However, there is no arbitral award at issue here. As noted above, Judge Woods confirmed the Award. This

4

turned the Award into a judgment of the court (the "Judgment"). *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)) ("Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.").

To the extent that Respondents argue that Petitioner is instead seeking to modify or vacate the Judgment, rather than the Award, thus conferring subject matter jurisdiction on this Court, that argument also fails. Federal Rules of Civil Procedure 59 and 60 contemplate the altering of a judgment and relief from a judgment by the filing of a motion – not a new complaint or petition. And, indeed, Respondents have sought the Court's intervention in the action before Judge Woods. *Soleimani v. Andonian*, No. 21-CV-1018 (GHW) (S.D.N.Y. Dec. 6, 2023), ECF No. 67. Thus, Respondents have failed to point to any viable basis for the Court to have subject matter jurisdiction over this action.

## II. Removal Is Not Warranted

In order for the Court to hear this action, the Court must also possess removal jurisdiction. Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). As the Court has determined that there is no subject matter jurisdiction – and Respondents do not allege that there is diversity jurisdiction – the Petition must be remanded.

## III. *Burford* Abstention Is Appropriate

Even if the Court possessed both subject matter and removal jurisdiction, the Court would still abstain from exercising jurisdiction. Under *Burford v. Sun Oil Co.*, 319 U.S. 315

(1943), a federal court may abstain from exercising jurisdiction where "(1) federal court review would raise 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar,' or (2) the action's 'adjudication in a federal forum would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" *Roche Cyrulnik Freedman LLP v. Cyrulnik*, 582 F. Supp. 3d 180, 191 (S.D.N.Y. 2022) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 726–27 (1996)).

Petitioner argues that the Court should abstain from exercising jurisdiction pursuant to *Burford* and its progeny. In *Friedman v. Revenue Mgmt. of New York, Inc.*, the Second Circuit held that the District Court did not abuse its discretion in abstaining from exercising jurisdiction in a matter seeking dissolution of a New York corporation. 38 F.3d 668, 671 (2d Cir. 1994). The Court held that "abstention would avoid needless interference with New York's regulatory scheme governing its corporations." *Id*. Petitioner argues that *Friedman* is applicable to the instant matter.

The Court agrees. "New York has a strong interest in the creation and dissolution of its corporations and in the uniform development and interpretation of the statutory scheme regarding its corporations." *Id*. Although in the instant matter there is a judgment providing for the dissolution of RCT, which there was not in *Friedman*, the state court is still best positioned to determine how the causes of action for dissolution might interact with the Judgment. Respondents do not contest this; instead, they claim that Petitioner's argument regarding abstention "is just another example of [Petitioner's] decades-long effort at forum shopping." ECF No. 13 at 17. Although the Court acknowledges that the parties have been in litigation and

arbitration for a number of years, this does not outweigh the important policies underlying *Burford* abstention. As such, the Court finds that abstention is appropriate.

## CONCLUSION

For the reasons stated herein, Petitioner's motion to remand is GRANTED and the case is REMANDED to the Supreme Court of the State of New York, County of New York.

Dated: January 3, 2024
      New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge